IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD L. & SUSAN M. VIETH,

                    Plaintiffs,

v.                                                         ORDER

HOME DEPOT U.S.A, INC. and                            09-cv-605-vis
FIESTA GAS GRILLS, LLC,

                    Defendants.

---

In this civil action for compensatory and punitive damages, plaintiffs Richard and Susan Vieth have brought Wisconsin state law claims of negligence, breach of warranty and strict liability relating to a fire at their home allegedly caused by a gas grill that was designed, manufactured and marketed by defendant Fiesta Gas Grills, LLC and sold by defendant Home Depot U.S.A., Inc. Plaintiffs have invoked this court's diversity jurisdiction under 28 U.S.C. § 1332. However, because they fail to identify the specific citizenship of defendant Home Depot or the citizenship of each of defendant Fiesta Gas Grills's members, the court is not able to conclude whether complete diversity of citizenship exists in this case.

Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). This court has an independent obligation to ensure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *see also Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) (litigants must meticulously review limits of federal jurisdiction to prevent waste of federal judicialresources); *Tylka v. Gerber Products Company*, 211

F.3d 445, 447-48 (7th Cir. 2000) (federal courts "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction").

As the parties filing suit, plaintiffs bear the burden of showing that federal jurisdiction exists. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (party seeking to invoke federal diversity jurisdiction bears burden of demonstrating that complete diversity and amount in controversy requirements are met). In their complaint, plaintiffs allege that defendant Home Depot is a foreign corporation doing business in Wisconsin and defendant Fiesta Gas Grills, LLC is a Tennessee limited liability company with a principal place of business in Dickson, Tennessee. In establishing diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, a corporation is deemed a citizen of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir. 2004). However, the citizenship of a limited liability company is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because there are no allegations regarding the citizenship of the members of Fiesta Gas Grills, LLC, it is not possible for the court to determine whether the parties are diverse in this case.

Because it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present, I will give plaintiffs until February 8, 2010 within which to produce facts verifying the diversity of citizenship between them and both defendants.

2

Plaintiffs are reminded that if defendant Fiesta Gas Grills has an individual person as a member, the citizenship and not the residency of that individual is what matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, <u>Law of Federal Courts</u> 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

ORDER

IT IS ORDERED that plaintiffs Richard and Susan Vieth may have until February 8, 2010, to provide this court with verification of the diversity of citizenship between themselves, defendant Home Depot U.S.A., Inc. and defendant Fiesta Gas Grills, LLC. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 29th day of January 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge