IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD L. & SUSAN M. VIETH
and ERIE INSURANCE COMPANY,

                Plaintiffs,

  v.                                                   OPINION AND ORDER

HOME DEPOT U.S.A, INC. and                                09-cv-605-vis
FIESTA GAS GRILLS, LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for compensatory and punitive damages, plaintiffs Richard and Susan Vieth have brought Wisconsin state law claims of negligence, breach of warranty and strict liability relating to a fire at their home allegedly caused by a gas grill that was designed, manufactured and marketed by defendant Fiesta Gas Grills, LLC and sold by defendant Home Depot U.S.A., Inc. (Plaintiff Erie Insurance Company was recently joined as a real party in interest under Fed. R. Civ. P. 17(a)). Now before the court is defendant Fiesta Gas Grills' motion to dismiss and strike plaintiffs' claims for punitive damages, attorney fees and costs under Fed. R. Civ. P. 12(b)(6) and (f). Dkt. #10. Because defendant Home Depot

1

has not joined in the motion, I will refer to defendant Fiesta Gas Grills as defendant in the remainder of this opinion.

Before turning to the merits of defendant's motion, I note that plaintiffs' complaint failed to provide the proper allegations to support diversity jurisdiction under 28 U.S.C. § 1332. In an order entered on January 29, 2010, I instructed plaintiffs to provide facts verifying the diversity of citizenship between themselves and defendants. Dkt. #38. Now plaintiffs have responded, averring facts necessary to support a finding that they and defendants are citizens of diverse states. Therefore, I conclude that jurisdiction is present under 28 U.S.C. § 1332.

Because I conclude that plaintiffs' allegations are sufficient to show that punitive damages are a plausible form of relief in this case, defendant's motion to dismiss will be denied. Further, although plaintiffs' requests for certain types of relief will be limited under Wisconsin law, at this stage of the lawsuit, it is unnecessary to determine what types of relief are available to plaintiffs on each of their claims. Therefore, defendant's motion to strike will be denied as unnecessary.

I draw the following facts from plaintiff's complaint.

2

ALLEGATIONS OF FACT

Plaintiffs own residential property in Sparta, Wisconsin. Defendant Home Depot is a foreign corporation doing business in Wisconsin. Home Depot sells, distributes, markets, assembles and delivers domestic appliances. Defendant Fiesta Gas Grills is a Tennessee corporation with its principal place of business in Dickson, Tennessee, and is authorized to do business in Wisconsin. Fiesta designs, assembles, manufactures, sells, distributes and markets gas grills.

On June 22, 2007, plaintiffs purchased a Fiesta 304 Grade Stainless Steel 3-Burner Grill (Model #FG0069-U401) at a Home Depot store in Onalaska, Wisconsin. Fiesta also makes a 409 model grill that is substantially similar to the 401 model. On September 21, 2008, a fire erupted in plaintiffs' grill, causing damage to plaintiffs' property. Between fall 2006 and summer 2008, an extraordinary number of 401 and 409 models were returned to Home Depot because of reported fires. Home Depot informed Fiesta about the fire-related returns, and high-ranking personnel at Fiesta reviewed and approved the return allowances.

In fall 2007, fasteners and the grease collection system used in the 401 model were changed slightly in the 409 model, requiring Fiesta to submit the revised 409 model for testing by the Canadian Standards Association. The 409 model failed testing because the fuel distribution system hoses and other components (all of which were identical to those

3

in the 401 model) were exposed to excessive heat.  The 409 model later passed a second set of tests after Fiesta incorporated a heat shield.

Defendants failed to investigate whether there were common problems leading to the large number of fire-related returns, disregarded obvious signs that the 401 and 409 models posed a fire hazard, failed to notify the Consumer Product Safety Commission and did not issue a recall, service bulletin or consumer advisory.

OPINION

A claim should be dismissed under Fed. R. Civ. P. 12(b)(6) when the allegations in a complaint, however true, could not raise a claim of entitlement to relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007).  The court will construe all of plaintiffs' factual allegations as true and draw all reasonable inferences in plaintiffs' favor.  Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Defendant asserts that count VII of plaintiffs' complaint improperly alleges a "claim" for punitive damages because Wisconsin does not recognize an independent cause of action for punitive damages.  Defendant is correct that punitive damages are a type of relief and not an independent cause of action.  Brown v. Maxey, 124 Wis. 2d 426, 431, 369 N.W.2d 677, 680 (Wis. 1985).  Although plaintiffs have incorrectly titled the relief they seek as a "count," this technical error does not warrant precluding them from seeking punitive damages in this

4

case. Plaintiffs adequately notified defendants of their claims and demands for relief as required by Fed. R. Civ. P. 8.

Defendant next argues that plaintiffs are not entitled to punitive damages, attorney fees or costs on the facts as alleged in the complaint. Defendant points out that punitive damages are not recoverable in breach of warranty claims (or other contract claims) under Wisconsin law, Harley Davidson Motor Company v. Powersports, Inc., 319 F.3d 973, 988 (7th Cir. 2003), and that Wisconsin allows the award of attorney fees only when they are authorized expressly by contract or statute, Schaul v. Kordell, 773 N.W.2d 454, 461, 2009 WI App 135, ¶ 20 (Wis. Ct. App. 2009). Defendant asks the court to strike these specific requests for relief under Rule 12(f). Although plaintiffs' requests for relief are limited under state law, it is unnecessary to strike the specific allegations in the complaint. What types of relief are available to plaintiffs on which claims will be sorted out on summary judgment or at trial after further discovery has occurred.

Defendant also asserts that plaintiffs have failed to allege adequate facts to support an award of punitive damages with respect to their tort claims. Specially, it contends that plaintiffs' complaint is completely devoid of allegations that defendant acted with intentional or actual disregard of plaintiffs' rights. Berner Cheese Corp. v. Krug, 312 Wis. 2d 251, 279, 752 N.W.2d 800, 814 (Wis. 2008) (defendant acts with intentional disregard

5

if he acts with purpose to cause result or consequence or is aware that result or consequence is substantially certain to occur).

In Twombly, 550 U.S. at 570, the Supreme Court held that a plaintiff's request for relief must be "plausible on its face." See also Limestone Development Corporation v. Village of Lemont, 520 F.3d 797, 803 (7th Cir. 2008) (under Twombly, plaintiff must plead a "a fuller set of factual allegations" to show his claim is not "largely groundless"). Although plaintiffs do not need to include detailed factual allegations, they must allege enough facts to raise their right to relief above the speculative level. Twombly, 550 U.S. at 555. A claim should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Id. at 558.

Contrary to defendant's assertions, at this early stage, plaintiffs' allegations are sufficient to show that punitive damages may be a plausible form of relief in this case. Plaintiffs allege that defendant Fiesta was aware that certain models of its gas grills posed a significant fire hazard and failed to take appropriate steps to alleviate that hazard. I can infer from these allegations that defendant acted with intent. Although defendant may believe that plaintiffs will not be able to adduce sufficient facts showing its knowledge, that is a question for summary judgment or trial. Accordingly, defendant's motion to dismiss will be denied.

6

ORDER

IT IS ORDERED that defendant Fiesta Gas Grills' motion to dismiss and strike certain claims for relief, dkt. #10, is DENIED.

Entered this 23rd day of February 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7